IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  10-24-BU-DWM-TJC-1 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| CHANCE JUSTIN WILHELM | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release.  Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc. 98) (citing 18 U.S.C. §§ 340(i), 3583(e)).

On September 29, 2022, the Court conducted the final revocation hearing. Defendant admitted all violations.  As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 6 months imprisonment, followed by 54 months of supervised release.

## I.    <u>Background</u>

In 2011, Defendant pled guilty to the offense of conspiracy to distribute methamphetamine.  (Docs. 30, 36.)  On April 28, 2011, the Court sentenced him to 151 months imprisonment, to be followed by 10 years supervised release.  (Doc.

52.)  On May 15, 2015, Defendant's sentence was reduced to 130 months.  (Doc. 65.)  Defendant began serving his term of supervised release on August 6, 2020.

On October 29, 2020, Defendant's supervised release was revoked for failure to report for urinalysis testing, use of a controlled substance, and unauthorized alcohol consumption.  (Doc. 80.)  He was sentenced to 4 months imprisonment, followed by 56 months supervised release.  (*Id.* at 2, 3.)  Defendant began his second period of supervised release on February 9, 2021.  (Doc. 83.)

On September 21, 2021, Defendant's supervised release was revoked a second time for methamphetamine and alcohol use and failure to report for urinalysis testing and mental health treatment.  (Doc. 92.)  He was sentenced to 3 months imprisonment, followed by 57 months supervised release.  (*Id.* at 2, 3.)  Defendant began his third period of supervised release on November 29, 2021.

On July 20, 2022, the United States Probation Office filed the petition now at issue.  (Doc. 96.)  The petition alleges that Defendant violated the conditions that he (1) refrain from any unlawful use of a controlled substance and (2) participate in and successfully complete a program of substance abuse treatment.  (*Id.*)  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest.  (Doc. 97.)

On September 13, 2022, Defendant was arrested and made an initial appearance.  (Doc. 99.)  Defendant, represented by counsel, stated that he had read

the petition and waived a preliminary hearing.  (*Id.*)  The Court set the final

revocation hearing for September 29, 2022.  (*Id.*)  The Court remanded Defendant

to the custody of the United States Marshal Service pending the final revocation

hearing.  (*Id.*)

## II.    <u>Final Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by Steven C.

Babcock.  Julie Patten represented the United States.  The undersigned explained

the Findings and Recommendations procedure to Defendant, including his right to

object to the Findings and Recommendations, and the right to appear and allocute

before Judge Molloy prior to the imposition of his sentence.  After consenting to

proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing.  The

undersigned calculated that Defendant's violation grade is C, his criminal history

category is VI, and the underlying offense is a class A felony.  Under those

circumstances, the statutory maximum sentence is 60 months incarceration, and the

United States Sentencing Guidelines provide for 8-14 months incarceration.

Defendant could also be sentenced to as much as 5 years supervised release, less

any incarceration time imposed.  Ms. Patten and Mr. Babcock agreed with those

calculations.

Ms. Patten requested a high-end sentence of 14 months, with no supervised release to follow.

Mr. Babcock requested a sentence of 5 months incarceration, followed by a term of supervised release.

Defendant addressed the Court and lamented his continued struggles with drug addiction, and informed the Court that the birth of his daughter in February was the most positive change in his life.

## III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 6 months imprisonment followed by 54 months supervised release.

Defendant's supervised release has been revoked twice previously, where he was sentenced to four and three months incarceration, respectively. Defendant's previous revocations and sentences were not successful in bringing Defendant in compliance with the requirements of his supervised release. During his last period of supervision, however, Defendant did achieve some periods of sobriety, and he actively participated in both in-patient and intensive out-patient substance abuse treatment programs. Defendant indicated he wanted another opportunity to address his addictions with treatment. Bringing Defendant's substance abuse under control

4

would be in the best interests of both the Defendant and society.  Therefore, providing for a sentence of 6 months, to be followed by 54 months of supervised release, will provide him that opportunity and will hopefully result in a more successful outcome.

## IV.   <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Molloy prior to the imposition of his sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.      Defendant violated the condition of his supervised release that he refrain from any unlawful use of a controlled substance.

2.      Defendant violated the condition of his supervised release that he participate in and successfully complete a program of substance abuse treatment.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release and sentence Defendant to 6 months imprisonment, followed by a 54-month term of supervised release.

2.      Defendant should be ordered to comply with the mandatory and standard conditions of supervision, which have been adopted by this Court, as well as the special conditions previously imposed by the Court.

**IT IS FURTHER RECOMMENDED** that the Court recommend that Defendant carry out his sentence at FCI Sandstone, where Defendant stated he would have the opportunity to participate in beneficial treatment options.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a *de novo* determination by Judge Molloy, and may waive the right to appear and allocute before Judge Molloy.

DATED this 29th day of September, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge